MORRIS & COMPANY, APPELLANT, v. MICHAEL. FRANCIS
CUSHING, APPELLEE.

FILED MAY 3, 1919.     No. 20677.

**Master and Servant:** WORKMEN'S COMPENSATION ACT: INJURY. Action
under the Workmen's Compensation Law, sections 3642-3696, Rev.
St. 1913, as amended by chapter 85, Laws 1917. Under the facts
set forth in the opinion, *held*, that the accident complained of
arose out of and in the course of the workman's employment.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*James C. Kinsler,* for appellant.

*T. A. Donohoe* and *M. L. Donovan, contra.*

MORRISSEY, C. J.

Action under sections 3642-3696, Rev. St. 1913, as
amended by chapter 85, Laws 1917, known as the
"Workmen's Compensation Law."

Michael Francis Cushing, a boy of 16, while em-
ployed as a common laborer in and about the packing
plant of Morris & Company, suffered the loss of four
fingers. He made application for compensation under
the statute. The employer denied liability, whereupon
Cushing. filed a petition with the compensation commis-
sioner, as provided in section 15, ch. 85, Laws 1917.
On hearing, the compensation commissioner awarded
the employee compensation at the rate of $10 a week
for 100 weeks. Morris & Company instituted this pro-
ceeding, which is in the nature of an appeal from the
order of the compensation commissioner, in the district
court. Under the peculiar provisions of the statute
the titles of the parties are transposed, Morris & Com-
pany being designated as plaintiff and Cushing being
designated as defendant. From a judgment in favor
of defendant, Morris & Company has prosecuted an

103 Neb.—31

appeal to this court, where the parties retain the same titles they had in the district court.

The employment and the injury are admitted. There is no complaint as to the amount awarded, provided defendant is entitled to any award. Plaintiff alleges, however, that Cushing had departed from the line and scope of his employment, and that his accident was not one arising out of and in the course of his employment.

In April, 1917, Cushing was employed by one of plaintiff's foremen, who, when a witness for plaintiff, gave the boy's duties as follows: ''His duties were to carry the boards from the saw, and carry boards from the printing press, and when there would not be any work of that kind to do he was supposed to truck boxes to the various departments and handle lumber and sweep up the floor, in fact, do anything in the line of common labor around the shop.'' The boy continued in this line of employment until the day of the injury. On that morning he was directed to assist in unloading a car of lumber that was to be used in the box department where the boy worked. He remained during the forenoon at that task, In the noon hour he ate his luncheon in the box factory. When the hour arrived for the men to resume work, he was met by a laborer from the cooper's shop, who said he would like to have defendant cut some hoops for him. Defendant consented to do this work, and testifies: ''I thought if he needed the hoops and wanted to get the barrels out right away, I would saw them.'' He took a coil of hoops, went into the box factory where he was generally employed, and began to cut the hoops with a hatchet. While he was thus employed, Mr. McCleary, the foreman in the oleomargarine department, came into the room and stated that he wanted a box. There is some discrepancy in the testimony of defendant, the foreman, and the elevator operator, who was present, but it appears that this foreman made it known that he needed a box and inquired if he could have one

made.    The  elevator  operator  testifies  that  he  sug-
gested  that  defendant  might  make  one; that  defendant
consented,  and  began  work  on  the  box.    During  de-
fendant's  employment,  a  considerable  portion  of  his
time  had  been  taken  up  in  carting  boxes  away  from  a
circular  saw  which  was  in  use  in  the  factory  and
generally  operated  by  a  "straw  boss"  named  Altman.
Defendant  now  undertook  to  operate  this  saw  in  order
to  prepare  boards  for  the  box.    While  thus  engaged,  his
hand  came  in  contact  with  the  saw  and  he  suffered
the  injury  for  which  recovery  is  sought.

Plaintiff  contends  that  defendant  was  not  acting
within  the  scope  of  his  employment  in  undertaking  to
make  the  boxes; that  he  had  no  right  to  undertake  the
operation  of  the  saw; and  that,  had  he  followed  the
instructions  of  his  foreman,  he  would  then  have  been
engaged  in  unloading  lumber  from  the  car.    Defendant
testifies  that  on  one  or  two  other  occasions  he  had
used  the  saw  under  instructions  from  Altman,  and
his  testimony  in  this  respect  is  not  disputed.    The
record  shows  that  he  was  subject  to  the  orders  of
different  foremen.    These  several  foremen  may  have
differed  in  rank,  but  defendant  had  during  his  employ-
ment  taken  orders  from  each  of  them.    He  was  only  a
boy  of  immature  years.    As  shown  by  the  quoted
testimony  of  the  foreman  who  employed  him,  it  was
his  duty  to  "do  anything  in  the  line  of  common  labor
around  the  shop."    This  being  true,  he  cannot  be  held
to  strict  accountability  for  his  acts.    Accustomed
as  he  was  to  take  orders  first  from  one  foreman  and
then  from  another,  when  the  foreman  of  the  oleomarga-
rine  department  signified  his  desire  that  defendant  make
a  box,  he  might  well  assume  that  it  was  his  duty  to  obey,
and  that  that  order  countermanded  the  order  given  by
the  other  foreman  earlier  in  the  day  to  assist  in  un-
loading  the  car  of  lumber.    It  is  clear  that  he  was
engaged  about  the  premises  where  his  services  required
his  presence,  during  proper  hours  of  service,  and  that

his labor was calculated to promote the master's business. He had theretofore used the saw under the eye, if not under the direction, of his immediate foreman, Altman, and at the time the accident occurred he was carrying out the order, implied, if not directly expressed, of one of plaintiff's foremen, who stood watching him as he worked.

The evidence sustains the finding of the district court, and the judgment is

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.